Mary J. DONOUGHE, individually in her own right and as Administratrix of the Estate of Jenny M. O'Loughlin, deceased, and Eileen D. Gobin, Appellants,

v.

Nettie F. MORGAN, individually and as Administratrix of the Estate of Joseph Paul Burg, deceased, and United States Fidelity & Guaranty Company, Appellees.

No. 16362.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 29, 1961.

Decided Jan. 11, 1962.

Petition for Rehearing En Banc Denied
En Banc Feb. 20, 1962.

Mr. Paul Lee Sweeny, Washington, D. C., for appellants.

Mr. Clarence G. Pechacek, Washington, D. C., with whom Messrs. Joseph A. Rafferty and Joseph A. Rafferty, Jr., Washington, D. C., were on the brief, for appellees.

Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.

BASTIAN, Circuit Judge.

This action was brought by Mary J. Donoughe, individually, as one of the heirs at law and next of kin, and as administratrix of the Estate of Jenny M. O'Loughlin, and by Eileen D. Gobin, the other heir at law and next of kin of Jenny M. O'Loughlin. The action was against Nettie F. Morgan, individually and as administratrix of the Estate of Joseph Paul Burg, and, as well, against the surety on Nettie F. Morgan's bond as such administratrix. The suit had for its purpose the impressing of funds and other property with a constructive trust on the theory that such funds and property belonging to the Estate of Jenny M. O'Loughlin were wrongfully appropriated by Nettie F. Morgan in her capacity as administratrix of the Estate of Joseph Paul Burg, deceased, and/or were wrongfully appropriated by the decedent, Joseph Paul Burg, during his lifetime, thus enhancing the value of his estate. Judgment on similar grounds was also sought against defendants for proceeds claimed to be due Jenny M. O'Loughlin from an estate administered in New Mexico.

The case duly came on for trial and the court, after the close of plaintiffs' [appellants] case, on motion of defendants, made findings of fact and conclu-

sions of law and entered judgment dismissing the complaint.[1]

The court found, on adequate evidence, that Jenny M. O'Loughlin and Joseph Paul Burg lived together as sister and brother from the time that Jenny M. O'Loughlin was twelve years of age until her death on April 29, 1956, a period of approximately fifty-six years; that during the entire period there was a very close relationship between the two and that they had "a great deal of love, respect, confidence and admiration for each other." The court found also that these two parties, at least from 1939 to April 29, 1956 (the date of Jenny M. O'Loughlin's death), acted together in everything they did. They pooled their resources and made investments in both real and personal property, holding title thereto as joint tenants with right of survivorship. Their accounts in several building and loan associations and banks in the City of Washington, and the real estate they owned, were held as joint tenants with right of survivorship. The court further found that nothing in the record showed any intention on the part of the two not to create joint tenancies in the manner in which they took and held title to their real and personal property; that Jenny M. O'Loughlin was a competent, capable person, in no need of a guardian, and able to handle money; that there was no improper domination by Burg over O'Loughlin and nothing to show any abuse of any fiduciary status that may have existed between the two.

The court further held, respecting certain proceeds received by the Estate of Joseph Paul Burg from an estate being administered in New Mexico, that the rights as between the parties could not be tried in the instant proceeding, apparently remitting the parties to any action they might have in the court of New Mexico which passed upon the question.

Accordingly, the court concluded that defendants were entitled to judgment as a matter of law as the plaintiffs had failed to prove a *prima facie* case; and this appeal followed.

We think that the findings of fact were based on adequate evidence, and that the trial judge was not in error in his view of the law. This being so, it follows that the judgment of the District Court must be and is

Affirmed.

---

1. By agreement of counsel, certain exhibits of the defendants and testimony adduced by them, pursuant to the court's ruling permitting the defendants to adduce such testimony in order to save time but reserving to the defendants their right to make appropriate motions at the conclusion of plaintiffs' case, were not, of course, considered by the court in passing on the motion for judgment interposed at the close of plaintiffs' case.